IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01635-DDD-CYC

ARNULFO RODRIGUEZ-BARRAGAN,

    Plaintiff,

v.

HENRY BURQUEZ,
JAMES PAHN, and
CARLOS GUILLEN,

    Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**Cyrus Y. Chung, United States Magistrate Judge.**

    Plaintiff Arnulfo Rodriguez-Barragan asserts two claims against defendants James Pahn and Carlos Guillen, Denver County Sheriff Deputies, under 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments, arising from allegedly inadequate medical care he received and a failure to protect him. The defendants move to dismiss, contending that the plaintiff's allegations fail to show deliberate indifference in either claim and that they are entitled to qualified immunity. ECF No. 68. Because the complaint fails to allege facts that show the defendants acted with deliberate indifference and fails to establish a constitutional violation, the Court recommends that the motion be granted.

## BACKGROUND

    According to the Amended Complaint, whose factual allegations the Court accepts as true for this motion, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the plaintiff was arrested on June 21, 2022 and held in the Denver County Pre-Trial Detention Center. ECF No. 1 ¶¶ 1–2.

After a confrontation, the plaintiff was labeled "aggressive." *Id.* ¶¶ 4–8. That confrontation, the plaintiff says, resulted in the defendants placing Henry Burquez, an inmate with a history of violence against his cellmates, into the plaintiff's cell. *Id.* ¶ 8. The next day, Burquez punched the plaintiff in the face, breaking his jaw. *Id.* ¶¶ 9, 12. Instead of being taken to receive medical care, the plaintiff was taken administrative segregation — also known as the "hole." *Id.* ¶ 11. The plaintiff did not receive medical care until four days later, when he was taken to Denver Health. *Id.* ¶ 12. At Denver Health, the plaintiff underwent a surgical procedure to repair his jaw. *Id.* Following the surgery, the plaintiff contracted an infection that went untreated. *Id.* ¶ 20. The plaintiff still suffers from pain and numbness. *Id.* ¶ 31.

The plaintiff then commenced this action, asserting five claims against the City and County of Denver ("Denver") as well as several unnamed defendants. ECF No. 1. He was granted leave to proceed *in forma pauperis*, ECF No. 4, and the Court therefore reviewed the plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Following the review, the Court dismissed two of the plaintiff's claims. ECF Nos. 7, 11. Denver then moved to dismiss the sole remaining claim against it, ECF No. 24, which was granted, leaving two claims alleging deliberate indifference against the defendants and a state battery claim against Burquez. ECF No. 39. The Court, however, *sua sponte* ordered third-party discovery against Denver to assist the plaintiff in identifying the unnamed defendants. *Id.* at 7. The plaintiff was then able to identify these defendants. ECF No. 56 at 2.

This motion followed.

## ANALYSIS

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 677–78.

2

Rule 12(b)(6) accordingly provides that a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must contain sufficient factual matter, taken as true and viewed in the light most favorable to the plaintiff, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663. But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Instead, a court looks to whether "the plaintiff" has "plead[ed] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The plaintiff's deliberate-indifference claims invoke both the Eighth and Fourteenth Amendments. ECF No. 1 ¶¶ 33–47. The former provision prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. It applies to convicted prisoners rather than pretrial detainees, *see Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979), but "conduct that violates the clearly established rights of convicts necessarily violates the clearly established rights of pretrial detainees" guaranteed by the Fourteenth Amendment's provision that no state may "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV, § 1. Thus, "the Eighth Amendment standard provides the benchmark for such claims." *Routt v. Howard*, 764 F. App'x 762, 770 (10th Cir. 2019) (quoting *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)). Under that standard, jail officials must "provide humane conditions of confinement; . . . ensure that inmates receive adequate food, clothing, shelter, and medical care, and . . . 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)).

3

> I.   **Inadequate Medical Care**

The plaintiff's first claim invokes the defendants' medical-care duty. "To state a cognizable claim, [the p]laintiff 'must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'" *Strain v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020) (citing *McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001)). That has both an objective and a subjective component. *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). "A medical need is considered sufficiently serious to satisfy the objective prong if the condition has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Al-Turki v. Robinson*, 762 F.3d 1188, 1192–93 (10th Cir. 2014) (internal quotation marks omitted). Under the subjective prong, "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. But "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (2009). Here, the plaintiff only mentions that the defendants placed him in a cell with Burquez. ECF No. 1 ¶ 34. Thereafter, the plaintiff's complaint makes no mention of the defendants, and instead, asserts that it was medical staff that did not refer him to the emergency department until days after his injury, not the defendants. ECF No. 1 ¶ 35. That fails to allege their participation in any failure to offer sufficient medical care to the plaintiff.

In response to the defendants' Motion, the plaintiff offers no argument to support his complaint. While he proceeds pro se, and his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935

4

F.2d 1106, 1110 (10th Cir. 1991). Simply put, the Court cannot raise arguments for the plaintiff. As the plaintiff fails to put forth enough facts to support the subjective prong, the Court need not consider the objective prong. *See Covalt v. Inmate Servs. Corp.*, 658 F. App'x 367, 369 (10th Cir. 2016).

Accordingly, the Court recommends that the plaintiff's claim be dismissed without prejudice. *See Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) (stating that "pro se parties generally should be given leave to amend").

## II.     Failure to Protect

The plaintiff's second claim alleges a failure to protect. "[T]o establish a cognizable Eighth Amendment claim for failure to protect, [he] must show that he is incarcerated under conditions posing a substantial risk of serious harm, the objective component, and that the prison official was deliberately indifferent to his safety, the subjective component." *Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001). The subjective component requires that "a prison official must have a 'sufficiently culpable state of mind.'" *Farmer*, 511 U.S. at 847 (quoting *Wilson v. Seiter*, 501 U.S. 294, 297–98 (1991)). That is, "before liability can be imposed, a prison official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Verdecia v. Adams*, 327 F.3d 1171, 1175 (10th Cir. 2003) (quoting *Craig*, 164 F.3d at 495).

The plaintiff does not provide enough facts to satisfy the subjective component. While it is true that prison officials have a duty to protect prisoners from inmate-on-inmate violence, not "every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 833–34. Here, the plaintiff asserts that the defendants placed Burquez in the cell with the plaintiff, that

5

Burquez had a history of violence against cellmates, and that the defendants knew that Burquez would physically harm him. ECF No. 1 at ¶¶ 42, 45. This, however, is simply not enough. The Tenth Circuit has recognized a violation of a prisoner's Eighth Amendment rights when officials knew in advance that (1) the victim had received direct threats from the attacker prior to the attack; (2) the victim, who was a member of a certain group, was particularly vulnerable to attack because of an affiliation with the group; or (3) the perpetrator had a more recent history of violence or disruptive behavior. *See Est. of Roemer v. Shoaga*, No. 14-CV-01655-PAB-NYW, 2019 WL 4645441, at *8 (D. Colo. Sept. 24, 2019) (collecting cases). This case comes closest to the third class of cases, but to fit into that category, the plaintiff would need to allege "past attacks which were 'longstanding, pervasive, well-documented, or expressly noted by [ ] officials in the past.'" *Larimore v. Sawyer*, No. 216CV434FTM29MRM, 2019 WL 1330809, at *3 (M.D. Fla. Mar. 25, 2019). But the plaintiff, at most, merely alleges "general knowledge that [Burquez] is a problem inmate with a well-documented history of prison disobedience who is prone to violence," which is not enough. *Id.* (citing *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003)); *see Jenkins v. Cordova*, No. CV 22-6482-KM-CLW, 2023 WL 3453635, at *4 (D.N.J. May 15, 2023) ("Being housed with an inmate who was known to have committed violent acts in the past would not, without more, necessarily be sufficient to state a failure-to-protect claim.").

In response to the defendants' Motion, the plaintiff offers no argument to support his complaint. While he proceeds pro se, the Court cannot raise arguments for the plaintiff. *Hall*, 935 F.2d at 1110. As the plaintiff fails to put forth enough facts to support the subjective prong, the Court need not consider the objective prong. *See, e.g.*, *Covalt*, 658 F. App'x at 369.

Accordingly, the Court recommends that the plaintiff's be dismissed without prejudice. *See Knight*, 749 F.3d at 1190.

The defendants also raise a defense of qualified immunity, but because the plaintiff's claims do not set forth a constitutional violation, "the lack of a constitutional violation makes it unnecessary to further address qualified immunity." *Jicarilla Apache Nation v. Rio Arriba Cnty.*, 440 F.3d 1202, 1214 (10th Cir. 2006). The Court therefore need not address the assertion of that defense here.

The plaintiff's only remaining claim is a state-law claim against Burquez. Under 28 U.S.C. § 1367(c)(3), when all "federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998). All federal claims are recommended to be dismissed. Accordingly, the Court respectfully recommends that the District Judge decline to exercise supplemental jurisdiction and dismiss the remaining state-law claim without prejudice for lack of subject-matter jurisdiction. *Kershaw v. Elder*, No. 20-cv-03502-DDD-SKC, 2023 WL 6876964, at *4 (D. Colo. May 25, 2023).

## CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS**[1] that the defendants' Motion to Dismiss, ECF No. 68, be **GRANTED**.

---

[1] Be advised that all parties shall have fourteen days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Finally, all parties

The Court further **RECOMMENDS** that the District Judge decline to exercise supplemental jurisdiction over Claim Five, the last remaining claim, which arises under state law.

Accordingly, the Court **RECOMMENDS** that the Amended Complaint, ECF No. 1, be **DISMISSED without prejudice**.

Dated this 15th day of August, 2025 at Denver, Colorado.

BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge

---

must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.